On November 19, 2018, the Court heard oral argument on the application for leave to appeal the October 27, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
 

 Viviano, J. (concurring).
 

 I concur in the Court's order denying leave to appeal. I agree that, under
 
 Allison v. AEW Capital Mgt., LLP
 
 ,
 
 481 Mich. 419
 
 ,
 
 751 N.W.2d 8
 
 (2008), plaintiff has presented sufficient evidence to survive summary disposition. I write separately because I believe that
 
 Allison
 
 's holding that MCL 554.139(1)(a) creates an ongoing obligation
 on the part of the lessor may be premised on an erroneous assumption and should be reexamined. But, since this argument has not been raised by any party, I write only to highlight the issue for future consideration.
 

 Plaintiff Mae Hendrix
 
 [1]
 
 slipped and fell on an ice patch that formed when water from a garage downspout pooled and froze on the driveway leading to her garage entrance at the apartment complex where she resided. The parties agree that all of the apartment driveways together constitute a common area, as tenants routinely walked across the adjoining driveways to access their own apartments. Plaintiff sued defendant, the owner of the apartment complex, claiming negligence, common-law premises liability, and a violation of MCL 554.139(1)(a).
 

 MCL 554.139 provides, in relevant part, as follows:
 

 (1) In every lease or license of residential premises, the lessor or licensor covenants:
 

 (a) That the premises and all common areas are fit for the use intended by the parties.
 

 (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenant[']s wilful or irresponsible conduct or lack of conduct.
 

 This statute was enacted in 1968 to codify the common-law implied warranty of habitability.
 
 [2]
 
 In
 
 Allison
 
 , this Court held that "[b]ecause a parking lot within a leased residential property is a common area under MCL 554.139(1)(a), the lessor effectively has a contractual duty
 
 to keep
 
 the parking lot 'fit for the use intended by the parties.' "
 
 [3]
 
 For the reasons below, I question whether this interpretation comports with the plain language of Subsection (1)(a), which does not appear to create an ongoing obligation on the part of lessors.
 

 Our primary goal in interpreting a statute "is to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute."
 
 [4]
 
 When the statutory language is clear, "we presume that the Legislature intended the meaning expressed."
 
 [5]
 
 The plain language of MCL 554.139 creates two covenants in all residential leases: (1) "[t]hat the premises and all common areas are fit for the use intended by the parties," MCL 554.139(1)(a) ; and (2) that the landlord will "keep the premises in reasonable repair during the term of the lease" and "comply with the applicable health and safety laws," MCL 554.139(1)(b). The first of these covenants uses the present tense of the verb "to be"-"are"-which strongly suggests that the covenant relates to the condition of the premises at the time the covenant is made, i.e., at the time the lease
 is executed. In other words, it does not appear that this covenant creates an ongoing obligation for the duration of the lease term. By contrast, the second covenant creates such an ongoing obligation by requiring that the landlord "
 
 keep
 
 the premises in reasonable repair during the term of the lease or license."
 
 [6]
 
 The word "keep" is relevantly defined as "to maintain, or cause to stay or continue, in a specified condition, position, etc.; as,
 
 keep
 
 your engine running."
 
 [7]
 
 This duty obviously extends beyond the inception of the lease and continues during the lease term.
 
 [8]
 

 I concur in the majority's denial order because, under
 
 Allison
 
 , which interpreted the covenant created by MCL 554.139(1)(a) as an ongoing obligation, I agree that there remains a genuine issue of material fact as to whether defendant violated that covenant by failing to keep the driveway "fit for the use intended by the parties." As the Court of Appeals explained, photographs taken from the day of plaintiff's fall show that a "substantial portion" of the driveway was covered in ice formed when water from a downspout pooled in broken and depressed concrete. But, for the reasons above, I believe this Court should reconsider in an appropriate future case whether
 
 Allison
 
 's interpretation of MCL 554.139(1)(a) as creating an ongoing obligation is consistent with the plain language of the statute.
 

 Mae Hendrix passed away on May 11, 2017, and the trial court entered an order on December 15, 2017, allowing the personal representative of her estate, Celestine Stacker, to substitute as plaintiff. For ease of reference, I will continue to refer to Ms. Hendrix as "plaintiff."
 

 1968 PA 295
 
 . See
 
 Allison
 
 ,
 
 481 Mich at 441
 
 ,
 
 751 N.W.2d 8
 
 ( Corrigan , J., concurring) ("A reasonable inference arises from the language of MCL 554.139(1)(a) ('fit for the use intended by the parties') that it codifies the implied warranty of habitability.").
 

 Id
 
 . at 429 (emphasis added).
 

 Id
 
 . at 427 (quotation marks and citation omitted).
 

 Id
 
 .
 

 MCL 554.139(1)(b) (emphasis added).
 

 Webster's New Twentieth Century Dictionary of the English Language, Unabridged
 
 (2d ed.).
 

 See also Schier,
 
 Draftsman: Formulation of Policy
 
 , 2 Prospectus 227, 233 (1968) (emphasis added) ("Under [MCL 554.139,] the occupant of rented housing, whether a lessee or a licensee, has the benefit of two covenants which will be found in every rental agreement. The first covenant is in effect a warranty that the premises
 
 are fit
 
 for the uses intended by the parties
 
 at the time of taking possession
 
 . The second is in effect a
 
 promise of future performance
 
 and states that the lessor or licensor covenants to keep the premises in reasonable repair during the term of occupancy and to comply with all applicable health and safety laws.").